UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY MARK MCMEEL,

          Petitioner,

   v.

MAGGIE SERRAVALLI,

          Respondent.

CASE NO. 3:23-cv-05121-RSL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 17, 2023

This matter is before the Court on referral from the district court and on the Court's *sua sponte* review of the record.

Petitioner, proceeding *pro se*, paid the filing fee and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. 1. However, after reviewing the petition, the Court recommends dismissal of this action. Petitioner is not in custody and appears to only challenge the closing of an investment account.

Under Rule 4 of the Rules Governing § 2254 cases, the Court is required to perform a preliminary review of a habeas petition. The Court should dismiss a habeas petition before the

REPORT AND RECOMMENDATION - 1

respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 also applies to habeas petitions brought under § 2241. *See* Rule 1(b) ("The district court may apply any and all of these rules to a habeas corpus petition not covered" by 28 U.S.C. § 2254.).

Habeas relief is available for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court must dismiss a habeas action if the petitioner does not satisfy the "in custody" requirement. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (noting that 28 U.S.C. § 2241(c)(3)'s requirement that a habeas petitioner be "in custody in violation of the Constitution or laws or treaties of the United States" is jurisdictional).

Here, petitioner states that he is being "held in a Fidelity mutual fund known as: Fidelity Advisor Financial Services Fund FFSIX." Dkt. at 2. It is unclear how one can be "held" in a mutual fund, but petitioner appears to have filed this action because Fidelity closed his investment account. *See id.* ("Fidelity closed the account of Jeffrey McMeel."). He concedes he is not challenging any conviction or sentence. *Id.* at 3. Thus, it is clear that this action is not properly brought under the habeas statute.

Ordinarily the Court would grant petitioner an opportunity to cure deficiencies with a habeas petition. However, doing so would be futile in this matter. Accordingly, the Court recommends that the petition be dismissed with prejudice and the matter should be closed.

## CERTIFICATE OF APPEALABILITY

Petitioners seeking post-conviction relief may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial

showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Pursuant to this standard, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

The Court recommends that the petition be dismissed with prejudice and this matter be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 17, 2023, as noted in the caption.

Dated this 3rd day of March, 2023.

J. Richard Creatura
United States Magistrate Judge